

June 15, 2017

**VIA ECF**

The Hon. Denise L. Cote
The Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Tera Group, Inc., et al. v. Citigroup, Inc., et al.*, 17-cv-4302 ("*Tera CDS*")
             *In re Credit Default Swaps Antitrust Litig.*, 13-md-2476 ("*In re CDS*")
             *Tera Group, Inc., et al. v. Bank of America Corporation, et al.*, 16-cv-2858 ("*IRS*")
             <u>*In re Interest Rate Swaps Antitrust Litig.*, 16-md-2704 (S.D.N.Y.) ("*In re IRS*")</u>

Dear Judge Cote and Judge Engelmayer:

      We are counsel for Plaintiffs Tera Group, Inc., Tera Advanced Technologies, LLC, and TeraExchange, LLC ("Plaintiffs" or "Tera") in the *Tera CDS* case, and respectfully write in response to the *Tera CDS* Defendants' June 12, 2017 letter ("Letter") objecting to Tera's request to relate this case to *In re CDS* before Judge Cote and seeking relation to *IRS* before Judge Engelmayer.

      *Tera CDS* meets the criteria to be related to *In re CDS* set forth in Rule 13 of the Southern District Rules for the Division of Business Among District Judges ("DOB Rule 13"). Under DOB Rule 13(a), two cases are related when the "interests of justice and efficiency will be served" by designating them as such. In determining relatedness, a Court considers:

> Whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, or witnesses.

The interests of justice and efficiency will be served if *Tera CDS* is related to *In re CDS* for the following reasons.

44 South Broadway, White Plains, NY 10601  (p) 914-997-0500  (f) 914-997-0035
Four Tower Bridge, 200 Barr Harbor Drive, Suite 400, West Conshohocken, PA, 19428-2977  (p): 610-941-2760  (f): 610-862-9777



The Hon. Denise L. Cote
The Hon. Paul A. Engelmayer
June 15, 2017
Page 2

**First**, *Tera CDS* and *In re CDS* concern "substantially similar" parties. Each of the 12 bank Defendants named in *Tera CDS* (including their subsidiaries and affiliates) is a defendant in *In re CDS*.[1] *IRS*, however, includes a different plaintiff and additional defendants not named in *Tera CDS*. This includes Javelin Capital Markets LLC ("Javelin"), who brings claims for a conspiracy involving their separate IRS platform, and four other non-bank defendants.[2] Javelin will not be a plaintiff in *Tera CDS* because it did not conduct any credit default swap ("CDS") business, and allegations as to the four non-bank defendants in *IRS* are specific to the IRS market.[3]

**Second**, *Tera CDS* and *In re CDS* involve "substantial factual overlap." *Tera CDS* and *In re CDS* allege similar claims relating to a similar conspiracy by the same 12 bank Defendants to reap supracompetitive profits on CDS. The bank Defendants in both cases control over 95% of the CDS market and have been the exclusive liquidity providers for CDS since the market was created. The alleged conspiracies in both *Tera CDS* and *In re CDS* thus implicate overlapping CDS personnel at the bank defendants, including CDS traders, executives, and salespersons.

*IRS*, on the other hand, involves different products, markets, and electronic exchanges than at issue in *Tera CDS*. Some of the key factual differences between *Tera CDS* and *IRS* include:

- CDS and IRS are traded differently for different purposes by different market participants. *See IRS* ¶¶ 70-83; *Tera CDS* ¶¶ 10, 64-66, 76, 81.

- The bank defendants maintain separate trading desks for CDS and IRS, with different executives, traders, and salespersons for the two products. *See, e.g.*, *IRS* ¶¶ 127, 280; *Tera CDS* ¶¶ 115, 122.

- The features of the two products are different. Unlike IRS, CDS incorporates two different sub-types of derivatives: single-name and index CDS. *Tera CDS* ¶ 64.

- TeraExchange targeted and signed up a different set of customers to use and make markets on its CDS platform. *Tera CDS* ¶¶ 9, 80-83. *Tera CDS* alleges that

---

[1]   The five non-bank defendants in *In re CDS* are not included in *Tera CDS* because the allegations against those defendants—that they refused to license intellectual property to a new exchange and clearinghouse for CDS—are irrelevant. Tera did not need such technology to launch its CDS platform.

[2]   Tera and Javelin's separate cases involving interest rate swaps ("IRS") were consolidated and Tera and Javelin filed a Consolidated Amended Complaint. *See In re IRS*, ECF No. 145.

[3]   *IRS* names the following additional non-bank defendants not included in *Tera CDS*: ICAP Capital Markets LLC, ICAP SEF (US) LLC, ICAP Global Derivatives Limited, and Tradeweb Markets LLC.



- defendants' boycott of TeraExchange prevented these CDS market participants from using the platform and obtaining better prices on their CDS trades. *Id*.

- TeraExchange's CDS platform offered features unique to the CDS market in order to accommodate the distinct nature of CDS and the different way it is traded. *Id*. ¶¶ 10, 76.

- TeraExchange was positioned differently in the CDS market as the only anonymous Central Limit Order Book ("CLOB") SEF that was licensed to list CDS indices on its platform. *Id*. ¶ 76.[4]

These differences support relating *Tera CDS* to *In re CDS*.[5]

**Third,** relating *Tera CDS* to *In re CDS* will promote efficiency and avoid "substantial duplication of effort and expense" as there may be a significant overlap in discovery between *In re CDS* and *Tera CDS*. If Plaintiffs can get the benefit of discovery that has already been taken in *In re CDS* (including documents already produced by defendants), this will avoid duplicative productions and may save time and expense for the parties.

In addition, judicial efficiency may be served by having the case proceed before Judge Cote, who has had the benefit of presiding over *In re CDS* for nearly four years. Judge Cote developed expertise in CDS and the CDS market during that time, and relating this case to *In re CDS* will avoid substantial duplication of effort on the part of another judge.

**Fourth**, contrary to Defendants' argument, *In re CDS* is still a pending case before Judge Cote. Judge Cote retains jurisdiction over *In re CDS* to oversee distribution of a $1.86 billion settlement fund, and a second motion for distribution is forthcoming. *In re CDS*, ECF No. 560 at

---

[4]   Other allegations in *Tera CDS* unique to the CDS market include, *inter alia*, that CDS are subject to a different regulatory regime than IRS, with jurisdiction over CDS divided between the U.S. Commodity Futures Trading Commission and the Securities Exchange Commission (*Tera CDS* ¶ 65); that there are different clearinghouses for CDS versus IRS, with a different roster of clearing member firms for the two products *(id*. ¶¶ 110-12); and that control over clearing CDS is more highly concentrated in the hands of the defendants than in the IRS market. (*Id.*)

[5]   Judges in this District have repeatedly rejected attempts to relate cases alleging similar misconduct by the same defendants when those cases involve different financial benchmarks and derivatives markets. *See, e.g.*, *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11-md-2262 (NRB) (S.D.N.Y.) (U.S. Dollar LIBOR); *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) (Yen LIBOR); *Sullivan v. Barclays PLC et al.*, No. 13-cv-2811 (PKC) (S.D.N.Y.) (Euribor).



56. *In re CDS* therefore remains an active case before Judge Cote and satisfies the requirements of DOB Rule 13(a)(2)(B).[6]

  **Lastly**, Defendants' speculation of "inconsistent judicial results" (Letter at 6) if *Tera CDS* is not related to *IRS* is a red herring and serves as no bar to a finding of relatedness with *Tera CDS*. Multiple other cases in this District alleging similar misconduct yet involving different financial benchmarks and instruments (like CDS and IRS) have proceeded separately before different judges, despite attempts to relate or consolidate them. *See supra* note 5. Further, any risk of conflicting opinions is obviated by the fact that the cases at issue are all subject to review by the Second Circuit. *See, e.g.*, *In re Natural Gas Liquids Regulation Litig.*, 434 F. Supp. 665, 668 (J.P.M.L. 1977) (because the actions fall within the same appellate jurisdiction, there is no danger of conflicting determinations on common legal questions).

  In conclusion, Plaintiffs submit that the factors under DOB Rule 13 have been satisfied and that relating *Tera CDS* to *In re CDS* will serve the interests of justice and efficiency.

            Respectfully,

           By:  /s/ Vincent Briganti
              Vincent Briganti
              LOWEY DANNENBERG P.C.
              44 South Broadway, Suite 1100
              White Plains, NY  10601
              Telephone:  914-997-0500
              Facsimile:  914-997-0035
              Email: vbriganti@lowey.com

---

[6]  Defendants' reliance on *Deutsche Zentral-Genossenschaftsbank AG, N.Y. Branch v. Bank of Am. Corp.*, No. 13-cv-393, 2015 WL 935576 (S.D.N.Y. Mar. 3, 2015) (Sweet, J.) ("*Deutsche*") is misplaced. The defendants in *Deutsche* attempted to relate the case to an action that had been dismissed by Judge Kaplan one year earlier. *Deutsche*, ECF No. 18 at 1. Judge Sweet denied the request to transfer because the other case had been dismissed, the Second Circuit affirmed the dismissal, and the plaintiffs' deadline to file a writ of *certiorari* had already passed. *Deutsche*, 2015 WL 935576, at * 1. Here, Plaintiffs seek to relate *Tera CDS* to a case that is still being supervised by the Court and which continues to see activity on the docket.