UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



TERA GROUP, INC., *etc.*,

                Plaintiffs,

-v-

CITIGROUP, INC., *etc.*,

                Defendants.

No. 17-cv-4302 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiffs Tera Group, Inc., Tera Advanced Technologies, LLC, and TeraExchange, LLC (collectively, "Tera") bring this action against twelve financial institutions (collectively, "Defendants"), including UBS AG and UBS Securities LLC (together, "UBS"), and Royal Bank of Scotland plc, Royal Bank of Scotland Group plc (together with Royal Bank of Scotland plc, the "RBS Foreign Defendants"), and RBS Securities Inc. (collectively, with the RBS Foreign Defendants, "RBS"), alleging that Defendants conspired to "block [Tera's] electronic [credit default swap] trading platform . . . from successfully entering the market" in violation of state and federal antitrust laws. (Doc. No. 1 (the "Complaint" or "Compl.") ¶¶ 1, 159–77). Tera also brings claims for unjust enrichment and tortious interference with business relations. (*Id.* ¶¶ 178–83). Now before the Court are the motions of UBS AG and the RBS Foreign Defendants to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. Nos. 101, 104), and the motion of RBS to dismiss for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6) (Doc. No. 101). For the reasons set forth below, all three motions are GRANTED.

## I. LACK OF PERSONAL JURISDICTION

"The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." *Wilder v. News Corp.*, No. 11-cv-4947 (PGG), 2015 WL 5853763, at *5 (S.D.N.Y. Oct. 7, 2015) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001)). "However, where a court rules on a 12(b)(2) motion based on pleadings and affidavits, the plaintiff is only required to make a prima facie showing of jurisdiction over the defendant." *Maersk, Inc. v. Neewra, Inc.*, 554 F. Supp. 2d 424, 440 (S.D.N.Y. 2008); *see Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). For the purpose of resolving a Rule 12(b)(2) motion, a district court must construe the pleadings and affidavits in the light most favorable to the plaintiff. *Chloe*, 616 F.3d at 163.

Personal jurisdiction may be either general or specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (U.S. 2011). General jurisdiction requires that a defendant's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Specific jurisdiction requires that a defendant have minimum contacts with the forum jurisdiction, such as when a defendant "'purposefully directed' his activities at the forum and the litigation 'arises out of or relates to' those activities." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 136 (2d Cir. 2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). If such "minimum contacts" with the forum are established, the Court must still be satisfied that "the assertion of personal jurisdiction would comport with fair play and substantial justice." *Id.*

Section 22 of the Clayton Act – which governs jurisdiction and venue for actions brought under the Sherman Act – provides that "any suit . . . under the antitrust laws . . . may be brought not only in the judicial district whereof [defendant] is an inhabitant, but also in any district wherein

it . . . transacts business . . . [and] all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." 15 U.S.C. § 22. While the Second Circuit has not yet decided whether "a federal statutory grant that authorizes suit under federal-question jurisdiction and nationwide service of process," *S.E.C. v. Straub*, 921 F. Supp. 2d 244, 253 (S.D.N.Y. 2013), permits a finding of minimum contacts with the entire United States rather than with New York specifically, *see Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 142 n.21 (2d Cir. 2014), two Circuits, and many district courts in this Circuit, have held that similar statutory schemes permit an inquiry based on contacts with the United States. *See In re Oil Spill by Amoco Cadiz Off Coast of Fr. on Mar. 16, 1978*, 954 F.2d 1279, 1294 (7th Cir. 1992); *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293–97 (3d Cir. 1985); *SEC v. Morton*, No. 10-cv-1720 (LAK)(MHD), 2011 WL 1344259, at *12 (S.D.N.Y. Mar. 31, 2011), *adopted*, No. 10-cv-1720 (LAK)(MHD), Doc. No. 102, (S.D.N.Y. Nov. 3, 2011) (collecting cases). Thus, the Court finds that under Section 22 of the Clayton Act, the relevant forum to which UBS AG's and the RBS Foreign Defendants' activities must be directed is the United States.

UBS AG and the RBS Foreign Defendants argue that personal jurisdiction is lacking because, first, both are incorporated abroad – thus preventing the exercise of general jurisdiction – and second, the Complaint fails to allege that either UBS AG or the RBS Foreign Defendants engaged in conduct in, or directed at, the United States – thus preventing the application of specific jurisdiction. (Doc. Nos. 102 at 3–5, 105 at 3–4.) Tera does not assert that general jurisdiction exists over either UBS or the RBS Foreign Defendants (*see* Doc. Nos. 118, 119), and the Court is convinced that Tera has not adequately pleaded that specific jurisdiction exists over either UBS AG or the RBS Foreign Defendants.

A. UBS AG

Based on the scant facts alleged in the Complaint, the Court has little difficulty concluding that it lacks personal jurisdiction over UBS AG. While Tera makes several particular factual allegations about UBS's conduct – for instance, that UBS told Tera it "would not clear any trades executed on [Tera] until they conducted an 'audit'" of Tera's books (Compl. ¶ 95) – the Complaint makes no effort to distinguish between UBS AG and UBS Securities LLC. So too for Tera's allegation that UBS, after indicating to Tera that UBS was interested in working together, strung Tera along by "repeatedly request[ing] to revise [Tera's] core documents . . . [but] never executed" one of those documents. (*Id.* ¶¶ 102–03.) This group pleading – conflating UBS AG and UBS Securities LLC as "UBS" – fails to establish personal jurisdiction over "each defendant." *Rush v. Savchuk*, 444 U.S. 320, 332 (1980); *see also FrontPoint Asian Event Driven Fund, L.P. v. Citibank, N.A.*, No. 16-cv-5263 (AKH), 2017 WL 3600425, at *6 (S.D.N.Y. Aug. 18, 2017) (holding that personal jurisdiction was lacking because plaintiffs did not "specify which of the three Barclay defendants" were involved in alleged acts). And Tera does not make any effort to allege that the conduct of one affiliate is attributable to the other. *FrontPoint Asian Event Driven Fund*, 2017 WL 3600425, at *6 ("For purposes of alleging that there is personal jurisdiction over each Foreign Defendant, plaintiffs may not refer to affiliated defendants by a conclusory collective name unless plaintiffs adequately allege that the conduct of one affiliate is attributable to another."). Put simply, the Complaint fails to make even the most basic showing that this Court has personal jurisdiction over any UBS entity. *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013). As such, the Complaint must be dismissed as to at least UBS AG.

B. RBS

But if Tera's Complaint is insufficient as to UBS AG, it can only be described as abysmally so with respect to the RBS Foreign Defendants. Without exaggeration, the Complaint is completely and utterly devoid of *any* factual allegations regarding the RBS Foreign Defendants's role in the purported conspiracy – let alone enough facts to support a "reasonable inference that [the RBS Foreign Defendants] participated in the alleged conspiracy in the United States or participated elsewhere with the aim to cause harm in the United States." *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (LGS), 2016 WL 1268267, at *4 (S.D.N.Y. Mar. 31, 2016). Instead, Tera resorts to group pleading of the rankest kind, pointing to *all* of the defendants as a group of "Dealer Defendants" – a unit that comprises a dozen multinational financial institutions. (*See, e.g.*, Compl. ¶¶ 5, 14, 15.) Seeking to impute those activities to the RBS Foreign Defendants is plainly insufficient, because "[e]ach defendant's contacts with the forum . . . must be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, 104 S. Ct. 1473, 1482, 79 L. Ed. 2d 790 (1984). Therefore, the Complaint fails to make out a prima facie showing of specific personal jurisdiction over the RBS Foreign Defendants.

II. FAILURE TO STATE A CLAIM AS TO RBS

For the same reasons that Tera fails to plead personal jurisdiction over the RBS Foreign Defendants, it also fails to state a claim as to RBS Securities, Inc. To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). To meet this standard, plaintiffs must allege "enough facts to state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id*. at 570.

Here, the Complaint merely lists the RBS entities as defendants, "without any specification of any particular activities by any particular defendant." *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50–51 (2d Cir. 2007). Indeed, although the RBS entities are identified on page 19 of the Complaint, there is no other reference to any of them in the remaining 57 pages. (Compl. ¶¶ 56–58.) As such, the Complaint is, on its face, wholly insufficient to state a "plausible" claim to relief. *Iqbal*, 556 U.S. at 696. Therefore, the claims against RBS Securities Inc. – and the RBS Foreign Defendants – must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

III. CONCLUSION

For the reasons set forth above, UBS AG's and the RBS Foreign Defendants's motion to dismiss for lack of personal jurisdiction is GRANTED, and RBS's motion to dismiss for failure to state a claim is also GRANTED. The Clerk of the Court is respectfully directed to terminate the

motions pending at docket numbers 101 and 104.  The Court will issue a memorandum and order with respect to the remaining Defendants's motions in due course.  (Doc. No. 96.)

SO ORDERED.

Dated:     September 28, 2018
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE